UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:17-CR-242-B (01) |
| | § | |
| DAVID DELGADO, | § | |
| BOP Register No. 55756-177, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant David Delgado was convicted of the Use of Interstate Facility to Commit a Travel Act Violation. On February 1, 2018, the Court sentenced him to 37 months of imprisonment to be followed by two years of supervised release. Delagdo, now 38 years old and currently incarcerated at FCI-Terre Haute, is scheduled to be released on October 21, 2020—and to be designated to a halfway house on June 24, 2020.

On May 4, 2020, he filed, through counsel, an Emergency Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A), requesting compassionate release based on the COVID-19 pandemic. Dkt. No. 42. As ordered, *see* Dkt. No. 43, the government filed an expedited response, opposing release, *see* Dkt. No. 44. Delgado replied. *See* Dkt. Nos. 45 & 47. The Court set the motion for a telephonic hearing on May 13, 2020. *See* Dkt. No. 46. Counsel for Delgado and for the government participated, and the Court denied Delgado's motion on the record. This order is entered to further memorialize the Court's decision.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"

*United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release" where "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g., United States v. Orellana*, No. 4:17-CR-0220, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020); *United States v. Clark*, Crim. A. 17-85-SDD-RLB, 2020 WL 1557397, at *1, *3 (M.D. La. Apr. 1, 2020); *cf. United States v. Gross*, Crim. A. No. 15-769, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020) ("[T]he statute includes an exhaustion requirement in recognition of the fact that 'BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'" (citation omitted)).

Here, Delgado sent correspondence to the warden at FCI-Terre Haute on March 28, 2020, requesting compassionate release, asserting that his underlying medical condition—a suppressed immune system caused by medication he must take to prevent the rejection of a transplanted kidney—renders him particularly vulnerable to serious complications should he contract the virus. The warden responded on March 30, recognizing that Delgado had requested a Reduction in Sentence ("RIS") and stating that his request had been forwarded to the RIS Coordinator and that "the Warden will provide you with a response within 30 days of your request." No response was received by April 27, 2020. And, during the hearing on May 13, the government stated that it would assume that the BOP's failure to respond to Delgado's March 28 request satisfied Section 3582(c)(1)(A)'s exhaustion requirement.

Accepting that Delgado exhausted his administrative remedies, the Court nevertheless fails to find,

after considering the Section 3553(a) factors and applicable policy statements issued by the Sentencing Commission, that extraordinary and compelling reasons warrant the reduction Delgado seeks.

The policy statement applicable to compassionate release—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1). The circumstance applicable here is whether Delgado is "suffering from a serious physical or medical condition ... that substantially diminishes [his] ability ... to provide self-care within the environment of a correctional facility and from which he ... is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). And, applying this standard, some courts have found that a particular prisoner's compromised health in light of a substantial likelihood that, should he contract COVID-19, he may not recover warranted a reduction under the compassionate release statute. *See, e.g., United States v. Lee*, No. 3:07-cr-289-M-2, Dkt. No. 1950 at 8 (N.D. Tex. Apr. 23, 2020) ("Lee's older age [54] and, moreover, his preexisting medical conditions—asthma, bronchitis, and hypertension—and his recent hospitalization for breathing complications, combined with the rapid spread of COVID-19 at FCI Oakdale, persuade the Court that he 'presents an extraordinary and compelling reason for compassionate release and that such release is consistent with applicable policy considerations.'").

But, using its discretion to apply the applicable policy statement,[1] the Court cannot find that

---

[1] Section 1B1.13 has not been amended since the First Step Act expanded who may move for compassionate release under Section 3582(c)(1)(A). This fact and that the Sentencing Guidelines are no longer mandatory have caused several district courts in this circuit to not consider themselves bound by Section 1B1.13 and to apply this policy statement within their discretion. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-*3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) ("[O]ther district courts have found that they have discretion to determine what constitutes an 'extraordinary and compelling reason[ ]' on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive. Accordingly, the Court will consider whether Perdigao has presented the Court with evidence that 'extraordinary and compelling reasons' warrant compassionate release and that he does not pose a danger to any other person of the community, all in light of the Section 3553(a)

Delgado has provided sufficient grounds for compassionate release. The Court does not discount that his taking anti-rejection medication compromises his immunity. Nor does the Court discount that being confined in a prison makes it more difficult for Delgado—or any prisoner—to follow precautions from health officials, to "social distance" or to wash your hands as often as possible.

Delgado has failed, however, to provide the Court any medical records (particularly recent ones) to establish how immunocompromised he may now be, which would have allowed the Court to assess his current ability to provide self-care. *Cf. United States v. Woodson*, No. 18-cr-845 (PKC), 2020 WL 2114770, at *2-*3 (S.D.N.Y. May 4, 2020) (concluding that a defendant who, "at age 57 and with [asthma and hypertension, established by recent medical records] is at elevated risk of serious illness or death if he were to be infected by the COVID-19 virus"). The need for recent medical records is made more apparent by Delgado's relatively young age (38) and that he had his kidney transplant in 2010. Bottom line: the Court must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners—for example, all those who have had organ transplants—warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic.

Further, the BOP is currently reporting no confirmed cases of COVID-19 at FCI-Terre Haute. While the Court has considered this in its analysis, the Court also recognizes that the virus can spread rapidly, especially where testing is expanded. On balance, though, the lack of confirmed spread at his prison and that Delgado will be released to a halfway house on June 24 also weigh against finding that extraordinary and compelling reasons warrant a reduction.

Nor is the Court persuaded that the applicable Section 3553(a) factors would support Delgado's request for compassionate release. As the Court explained during the May 13 hearing, it weighs those

---

factors." (citations omitted)).

factors now the same as it did at sentencing. At sentencing, the Court, considering a Guidelines range of 30 to 37 months, remarked: "I have great sympathy for the family of Mr. Delgado and respect for the good work that he did. But beyond that, if you're looking at each of [Section 3553(a)] factors, promoting respect for the law, providing just punishment, deterring others, safety of the community and all the other factors, it seems that this case just stands out as one that cries out for a message of no tolerance." The Court then sentenced Delgado to 37 months in custody. Based on the record as a whole, then, the Court cannot now say that the Section 3553(a) factors would support the relief Delgado requests.

For all these reasons and for the reasons stated on the record during the May 13, 2020 hearing, the motion for compassionate release [Dkt. No. 42] is **DENIED**.

**SO ORDERED.**

**DATED: May 19, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE